JAMES S. CALWELL, INDIVIDUALLY AND AS TRUSTEE,
ET AL.,

*vs.*

AIMEE C. ROGERS.

*Gifts: terms of trust; acceptance; cestui que trust no right to
alteration of terms.*

Where an aunt and the father united in a voluntary gift to
the daughter, and had stock placed in the daughter's name, the
income to be paid to the daughter but the stock delivered to the
father, as trustee, to be held by him until his death, to all of
which terms the daughter consented, there is no legal or equi-
table principle that enables the donee to abrogate the terms
and limitations of the gift and receive the immediate delivery
of the stock.                                              p. 294

One who accepts a voluntary benefaction, with the under-
standing and agreement that it shall be subject to the terms of
a trust expressly declared and approved, can not be permitted
to deny the efficacy of the trust, or to defeat the purpose for
which the limitations were imposed.                        p. 294

*Decided December 16th, 1915.*

Appeal from the Circuit Court No. 2 of Baltimore City.
(HEUISLER, J).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER and STOCKBRIDGE, JJ.

*Harry M. Benzinger* and *Henry H. Dinneen,* for the appellants.

*J. Pembroke Thom* and *J. Stanislaus Cook,* for the appellee.

URNER, J., delivered the opinion of the Court.

Upon the death intestate of Catherine M. Calwell in August, 1913, her estate passed to her brother and sister, James S. Calwell and Fannie C. Lambert, the present appellants, as her only next of kin and heirs at law. In pursuance of a request made by their deceased sister in her lifetime, that some provision be made for her niece, Annie C. Calwell, daughter of James S. Calwell, the appellants proposed to establish a fund of ten thousand dollars, of which each of them should contribute one-half, to be invested in Mr. Calwell's name as trustee, and the income to be paid by him to his daughter during his life, and after his death the *corpus* of the fund to be paid to her absolutely. It was concluded, however, upon further consideration, that it would be a simpler and better plan to have the stock, in which it was intended to invest the fund, issued in the name of the daughter, and to have the certificates of the stock delivered to her father as trustee and held by him until his death. This modified proposal was fully explained to the daughter and met with her approval. The fund of ten thousand dollars was accordingly provided by her father and aunt and was invested in Baltimore City and national bank stock, the certificates of which were issued in the daughter's name, but were delivered to her father and have since remained in his custody. The income from the investments has been received by the daughter as it accrued. Shortly before her marriage, in December,

1914, she demanded the delivery to her of the certificates of stock held for her benefit, claiming that they were her absolute property. This demand was refused on the ground that it was inconsistent with the conditions upon which the fund was raised and invested, and that the trustee having charge of the certificates would not be justified in subjecting the *corpus* to the risk of loss and waste in the hands of the young and experienced beneficiary. After the marriage, the demand for the certificates being renewed and not complied with, the daughter employed counsel who formally advised Mr. Calwell in writing that he had been retained for the purpose of securing possession of the certificates for his client. The bill of complaint in this case was then filed by Mr. Calwell and his sister, containing allegations upon which the above statement of facts is based, and praying the Court to assume jurisdiction of the trust we have described, and to decree that according to its terms the beneficiary should only receive the income during her father's life and should not be entitled to the stock certificates until his death, and to further decree that the certificates be endorsed to a trustee to be appointed by the Court, and that the daughter, who was made defendant in the case, should be enjoined from instituting or prosecuting any action at law against the plaintiffs for the possession of the certificates pending the determination of the suit.

The case was heard in the Court below upon a demurrer to the bill of complaint. The demurrer was sustained and the bill dismissed by a decree which ruled that, in view of the allegations of the bill, the defendant was entitled to the entire estate in the certificates of stock and to their possession. We are unable to agree with this conclusion. It was probably based upon the theory that the trust was merely passive and should therefore be terminated at the request of the owner of the whole beneficial interest. In our opinion this principle is not applicable to the special state of facts admitted by the demurrer. This is not a case in which an inactive trust has been created by will in respect to property

devised or bequeathed. It is a case in which a living father, prompted by his parental solicitude, has reserved and desires to exercise, during his life, a right of control over the disposition of an estate which he and his co-settlor have provided for the benefit of his daughter. It is also a case in which it is alleged that the beneficiary of the trust, who was consulted in advance as to the provision designed to be made in her favor, and who assented to the conditions imposed as a protection against her inexperience, is attempting to convert a qualified into an absolute gift contrary to the trust limitations in which she concurred. As the donors' purpose was to safeguard the *corpus* of the fund against improvident disposition by the donee, it may be regarded as certain that they would have adhered to the original plan of creating a complete and active trust, if the donee had not agreed to the simpler method, actually adopted, of restraining the alienation of the estate during the father's lifetime. The gift having been accepted upon the distinct understanding that it should not be absolute during the life of the father, and that the stock certificates should be held by him until his death, we are aware of no legal or equitable principle which would enable the donee to abrogate the terms and limitations of the gift by demanding and securing the immediate delivery of the certificates. The considerations which determine the effect and operation of testamentary and other trusts, created under ordinary circumstances, do not apply to a case like the present, where both the settlors and the beneficiary participated in the declaration of the trust by agreeing in advance upon its terms. In that important respect the case now before us differs from all those cited in the argument. The question here is not whether the issuance of stock in the name of a proposed donee constitutes a complete and unconditional gift while the donor retains the stock certificates, nor whether the legal effect of a particular trust provision is to vest the entire estate in the *cestui que trust,* but the question is whether one who accepts a voluntary benefaction with the

understanding and agreement that it shall be subject to the terms of a trust expressly declared and approved, can be permitted to deny the efficacy of the trust and to defeat the purpose for which its limitations were imposed. It seems clear to us that such an inquiry must be answered in the negative.

It does not follow, however, from the conclusion just stated that we should favor the granting of all the relief sought by the bill of complaint, in the event that its averments are duly proven. As the defendant was apparently taking steps to require the delivery of the stock certificates and to have the trust terminated, we think the bill is maintainable for the purposes of a decree declaring the trust and restraining the prosecution of any action by the defendant to secure possession of the certificates; but the appointment of a trustee by the Court, as prayed in the bill, is unnecessary, and the prayer that the defendant be compelled to endorse the certificates to a trustee thus appointed is not consistent with the terms of the trust.

*Decree reversed, with costs, and cause remanded.*